UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------
GODINGER SILVER ART LTD.,

        Plaintiff,

        v.

AMAZON STOREFRONT HODSOF US,

        Defendant.

---------------------------------------------------------------

**MEMORANDUM & ORDER**
23-CV-7087 (MKB)

MARGO K. BRODIE, United States District Judge:

        Plaintiff Godinger Silver Art Ltd. ("Godinger") commenced the above-captioned action on September 22, 2023, against Defendant Amazon Storefront HODSOF US ("Amazon"), and on October 17, 2023, filed an Amended Complaint asserting a claim of copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. ("Copyright Act"), based on Defendant's sale of crystalware products that Plaintiff alleges contain a design that is identical or substantially similar to a design for which Plaintiff holds two copyrights.  (Compl., Docket Entry No. 1; Am. Compl., Docket Entry No. 7.)  On February 20, 2024, the Clerk of Court noticed a default against Defendant, (Clerk's Entry of Default, Docket Entry No. 15), and on March 1, 2024, Plaintiff moved for default judgment, seeking a permanent injunction, statutory damages in the amount of $150,000, and attorneys' fees and costs, (Pl.'s Mot. for Default J. ("Pl.'s Mot."), Docket Entry No. 17; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem."), Docket Entry No. 17-1).

        For the reasons set forth below, the Court grants Plaintiff's motion for default judgment.

    **I.   Background**

        Plaintiff is a company that specializes in producing and selling, among other things, handcrafted crystal items, some of which Plaintiff offers for sale on Amazon.com and with other

retailers and distributors.[1] (Am. Compl. ¶¶ 11, 20.) One of Plaintiff's design patterns for crystalware products (the "Godinger Design") is a sculptural work that incorporates material depicting floral and frosted elements etched on to various of Plaintiff's crystalware items. (*Id.* ¶ 12.) Plaintiff alleges the Godinger Design was used for two products that are the subject of Copyright Registration Numbers VA0001389466 (the "'466 Registration"), dated November 27, 2006, and VA0001436491 (the "'491 Registration"), dated January 29, 2016 (together "the Copyrights"), of which Plaintiff is the owner. (*Id.* ¶¶ 23–25; Copyright Registration Records, annexed to Am. Compl. as Ex. D, Docket Entry No. 7-4.)

Plaintiff alleges that Defendant markets, sells, and/or offers for sale products, including a carafe and glass set, with a design that is identical or substantially similar to the Godinger Design. (Am. Compl. ¶¶ 14–16, 21.)

## II. Discussion

### a. Standard of review

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, there is "a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). "[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true." *Bricklayers & Allied Craftworkers Loc. 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citing *Mickalis Pawn Shop*, 645 F.3d at 137). "A default . . . only establishes a

---

[1] The Court assumes the truth of the factual allegations in the Amended Complaint for the purpose of deciding Plaintiff's motion.

2

defendant's liability if those allegations are sufficient to state a cause of action against the defendant." *Taizhou Zhongneng Imp. & Exp. Co. v. Koutsobinas*, 509 F. App'x 54, 56 (2d Cir. 2013). However, because there is "'a strong preference for resolving disputes on the merits,' and because 'a default judgment is the most severe sanction which the court may apply,' . . . a district court's discretion in [granting default judgment is] 'circumscribed,'" *Mickalis Pawn Shop*, 645 F.3d at 129 (first quoting *Green*, 420 F.3d at 104; then quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993); and then citing *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 168 (2d Cir. 2004)), and "all doubts must be resolved in favor of the [defaulting] party," *Green*, 420 F.3d at 104 (citing *Powerserve Int'l, Inc. v. Lavi*, 239 F.3d 508, 514 (2d Cir. 2001)). "Further, concerns regarding the protection of a litigant's rights are heightened when the party held in default appears *pro se*. . . . Hence, as a general rule a district court should grant a default judgment sparingly . . . when the defaulting party is appearing *pro se*." *Enron Oil Corp.*, 10 F.3d at 96.

"The entry of a default, while establishing liability, 'is not an admission of damages.'" *Mickalis Pawn Shop*, 645 F.3d at 128 (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009)). "There must be an evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence either based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (first citing Fed. R. Civ. P. 55(b)(2); and then citing *Fustok v. ContiCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)).

### b. The Court grants default judgment against Defendant

Accepting the factual allegations of the Complaint as true, for the reasons explained below, Plaintiff has established liability as a matter of law.

Plaintiff argues that it has alleged facts sufficient to establish Defendant's liability for copyright infringement because it has alleged (1) Plaintiff's ownership of the Copyrights, and (2) that Defendant infringed the Copyrights without authorization from Plaintiff. (Pl.'s Mem. 5–6.)

"To establish a claim of copyright infringement, 'two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Abdin v. CBS Broad. Inc.*, 971 F.3d 57, 66 (2d Cir. 2020) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)). "The Copyright Act of 1976 defines copyrightable subject matter as 'original works of authorship fixed in any tangible medium of expression.'" *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405, 411 (2017) (quoting 17 U.S.C. § 102(a)). "Originality is a constitutional requirement" for copyright protection, and is defined as "independent creation plus a modicum of creativity." *Feist*, 499 U.S. at 346; *see also Matthew Bender & Co. v. W. Publ'g Co.*, 158 F.3d 674, 681 (2d Cir. 1998) ("The 'originality' standard requires that the work result from 'independent creation' and that the author demonstrate that such creation entails a 'modicum of creativity.'" (emphasis omitted)).

Plaintiff alleges that it is the owner of the Copyrights and attaches to the Amended Complaint registration records for the Copyrights. (Am. Compl. ¶¶ 23–25; Copyright Registration Records.) Plaintiff has therefore established ownership of valid copyrights. *See, e.g.*, *McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 496 (S.D.N.Y. 2018) (finding the plaintiffs had sufficiently alleged ownership despite not producing a

4

certificate of registration for the works at issue, where they had alleged they owned the copyrights, submitted a schedule listing the copyright registration numbers for the works attached to the complaint, and submitted several publisher declarations alleging ownership of the works); *Broad. Music, Inc. v. Living Room Steak House, Inc.*, No. 14-CV-6298, 2016 WL 756567, at *3 (E.D.N.Y. Feb. 26, 2016) (concluding that the plaintiffs established a *prima facie* claim for copyright infringement when the names and copyright registration numbers of the works were set forth in a schedule attached to the complaint), *report and recommendation adopted*, 2016 WL 1056609 (E.D.N.Y. Mar. 17, 2016).

      Plaintiff also sufficiently alleges that Defendant copied its original work.  Plaintiff alleges that the copyrighted designs used in the products at issue are "wholly original" sculptural works, and that Defendant "[w]ithout [Plaintiff's] authorization . . . copied, created derivatives of, displayed, distributed, offered for sale, and sold products containing a design that is identical or substantially similar to the" Godinger Design, (Am. Compl. ¶¶ 12–16, 25), which is sufficient to establish that Defendant infringed upon its original work, *see, e.g.*, *Dermansky v. Telegraph Media, LLC*, No. 19-CV-1149, 2020 WL 1233943, at *3 (E.D.N.Y. Mar. 13, 2020) (granting default judgment and concluding that the plaintiff had established that the defendant infringed upon the plaintiff's original work where he alleged the defendant, "who owned no rights to the [original work], reproduced and displayed it, and that [the plaintiff] had never granted any permission for use of the" work); *Sheldon v. Plot Com.*, No. 15-CV-5885, 2016 WL 5107072, at *12 (E.D.N.Y. Aug. 26, 2016) (considering a default judgment motion and concluding that the plaintiff had adequately established the defendant's infringement where it alleged that the defendant "did not have authorization of [the plaintiff] or the law to reproduce, distribute, display, or create derivative works of" the plaintiff's copyrighted work, and that the defendant

5

nevertheless "reproduced and displayed cropped versions of the" work), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016).

Accepting the allegations in the Amended Complaint as true, Plaintiff has established as a matter of law that Defendant is liable for copyright infringement, and the Court grants Plaintiff default judgment against Defendant.

### c. Requested relief

Plaintiff requests that the Court (1) issue a permanent injunction enjoining Defendant from continuing to infringe the Copyrights; (2) award statutory damages in the amount of $150,000; and (3) award attorneys' fees and costs. (Pl.'s Mem. 6–11.)

#### i. Permanent injunction

Plaintiff argues that the Court should issue a permanent injunction enjoining Defendants from continuing to infringe the Copyrights.[2] (Pl.'s Mem. 6–8.) Plaintiff contends that it meets the requirement for a permanent injunction because (1) when a defendant is in default, actual success on the merits is established, (*id.* at 6), (2) irreparable harm should be presumed because Plaintiff has established a *prima facie* case of infringement, (*id.* at 7), (3) monetary damages are not sufficient because, in light of Defendant's default, there is no indication Defendant will not continue its infringing activity, (*id.*), (4) a permanent injunction does not cause Defendant any

---

[2] Plaintiff's proposed order requests that the Court enjoin Defendants from:
(a) manufacturing, distributing, marketing, advertising, promoting, displaying, performing, or selling or authorizing any third party to manufacture, distribute, market, advertise, promote, display, perform, or sell the [products at issue] and any products, works, or other materials that include, copy, are derived from, or otherwise embody the [products at issue] as defined in the . . . Amended Complaint; and
(b) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraph (a).
(Proposed Order ¶ 3, Docket Entry No. 17-3.)

6

hardship, because it "merely requires Defendant to comply with the law," (*id.*), and (5) a permanent injunction would benefit the public interest because it would protect the public from confusion, deception, or mistake, (*id.*).

Section 502(a) of the Copyright Act provides that any court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). "The requirements for a permanent injunction are 'essentially the same' as for a preliminary injunction, except that the moving party must demonstrate 'actual success' on the merits." *N.Y. C.L. Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2012) (quoting *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n.12 (1987)); *see also JTH Tax, Inc. v. Sawhney*, No. 19-CV-4035, 2020 WL 6825585, at *5 (S.D.N.Y. Nov. 20, 2020) ("The standard for a permanent injunction is similar [to that of a preliminary injunction]."). "[A] plaintiff seeking a permanent injunction . . . must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 156–57 (2010) (quoting *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006)); *see also Entergy Nuclear Vt. Yankee, LLC v. Shumlin*, 733 F.3d 393, 422–23 (2d Cir. 2013) (same); *Strike 3 Holdings, LLC v. Doe*, No. 23-CV-998, 2024 WL 3369986, at *10 (E.D.N.Y. July 11, 2024) (same), *report and recommendation adopted*, No. 23-CV-998 (E.D.N.Y. July 31, 2024).

For the reasons discussed *supra*, Plaintiff has already established success on the merits due to Defendant's liability. *See, e.g.*, *McGraw-Hill*, 323 F. Supp. 3d at 499 (noting the plaintiffs' success on the merits of their copyright claim had already been established when the

7

court had already concluded the plaintiffs had demonstrated the defendants' liability for copyright infringement). The remaining four factors also weigh in favor of the Court issuing a permanent injunction. First, a defendant's default indicates that it will continue to infringe absent a permanent injunction, and therefore establishes irreparable harm. *See, e.g.*, *Fallows v. Voz Iz Neias LLC*, No. 22-CV-7964, 2023 WL 7497080, at *4 (E.D.N.Y. Oct. 25, 2023) ("Defendant's default and the difficulty plaintiff faces 'to prove the loss of sales due to infringement and the threat of continuing violations establishes the necessary irreparable harm.'" (quoting *Supplement Mfg. Partner, Inc. v. Healthy Again, LLC*, No. 22-CV-5106, 2023 WL 5278110, at *6 (E.D.N.Y. Aug. 16, 2023))), *report and recommendation adopted*, 2023 WL 7522732 (E.D.N.Y. Nov. 13, 2023); *Ideavillage Prods. Corp. v. Bling Boutique Store*, No. 16-CV-9039, 2018 WL 3559085, at *5 (S.D.N.Y. July 24, 2018) ("Here, the [d]efaulting [d]efendants' refusal to defend this action creates a threat that they will continue to infringe [p]laintiff's trademarks unless permanently enjoined from doing so."); *Realsongs, Universal Music Corp. v. 3A N. Park Ave. Rest. Corp.*, 749 F. Supp. 2d 81, 93 (E.D.N.Y. 2010) ("[I]rreparable harm is presumed where a party has established a *prima facie* case of copyright infringement." (first citing *Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch*, 312 F.3d 94, 96 (2d Cir. 2002); then citing *U2 Home Ent. Inc. v. Bowery Music City, Inc.*, No. 03-CV-8909, 2003 WL 22889738, at *1 (S.D.N.Y. Dec. 8, 2003))).

Second, Plaintiff has shown there is no adequate remedy at law because absent an injunction, Defendant is likely to continue infringing the Copyrights. *See, e.g.*, *Supplement Mfg.*, 2023 WL 5278110, at *6 (noting a plaintiff "has no adequate remedy at law where, absent an injunction, the defendant is likely to continue infringing its copyright" (quoting *Sadowski v. Yeshiva World News, LLC*, No. 21-CV-7207, 2023 WL 2707096, at *8 (E.D.N.Y. Mar. 16,

8

2023))); *Ideavillage*, 2018 WL 3559085, at *5 ("A defendant's default also supports an inference that the defendant may continue its infringement." (internal quotation marks and citation omitted)).

Third, the balance of hardship favors Plaintiff because when a defendant has defaulted, it fails to identify any legitimate hardship. *See, e.g.*, *Fallows*, 2023 WL 7497080, at *5 ("[T]he balance of hardship favors plaintiff as defendant has defaulted and thus fails to identify any legitimate hardship." (citing *McGraw-Hill*, 323 F. Supp. 3d at 500)); *Supplement Mfg.*, 2023 WL 5278110, at *6 (same); *McGraw-Hill*, 323 F. Supp. 3d at 500 ("[I]t is axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product." (alterations in original) (quoting *Rovio Ent., Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 547 (S.D.N.Y. 2015))).

Finally, the issuance of a permanent injunction serves the public interest because it "protect[s] copyright owners' rights to encourage production of creative works." *Supplement Mfg.*, 2023 WL 5278110, at *6; *see also Fallows*, 2023 WL 7497080, at *5 ("[T]he public has a compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work." (citation omitted)).

The Court therefore grants Plaintiff a permanent injunction.

### ii. Statutory damages

Plaintiff argues that it is also entitled to statutory damages. (Pl.'s Mem. 8–10.) Plaintiff contends that Defendant's copyright infringement was willful, and therefore requests $75,000 per infringed Copyright, totaling $150,000. (*Id.* at 10.)

The Copyright Act provides that the plaintiff in a copyright infringement suit "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits,

9

an award of statutory damages for all infringements involved in the action, with respect to any one work, . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1); *see also EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 94 (2d Cir. 2016) ("Section 504(c) of Title 17 provides that a 'copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work' in an amount of up to $30,000 if the infringer acted innocently[.]"). In addition, "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2); *see also MP3tunes*, 844 F.3d at 94 (noting that "if the infringer acted willfully" a copyright owner may recover an award "of up to $150,000"). Courts "enjoy wide discretion . . . in setting the amount of statutory damages." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (quoting *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986)). In exercising this discretion, courts consider the "*Bryant* factors," which include:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Id.* at 144 (citing *N.A.S. Imp., Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252–53 (2d Cir. 1992)). "A copyright holder seeking to prove that a copier's infringement was willful must show that the infringer 'had knowledge that its conduct represented infringement or . . . recklessly disregarded the possibility.'" *Id.* at 143 (alteration in original) (quoting *Twin Peaks Prods. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993)). "Willfulness may be inferred from a

defendant's conduct, and is often found where a defendant continued the infringing behavior after receiving notice of the license requirement or directions to cease and desist." *Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 197 (S.D.N.Y. 2016) (first citing *Knitwaves, Inc. v. Lollytogs Ltd. (Inc.)*, 71 F.3d 996, 1010 (2d Cir. 1995); then citing *Broad. Music, Inc. v. 315 W. 44th St. Rest. Corp.*, No. 93-CV-8082, 1995 WL 408399, at *5 (S.D.N.Y. July 11, 1995); and then citing *Microsoft Corp. v. AGA Sols., Inc.*, No. 05-CV-5796, 2010 WL 1049219, at *1 (E.D.N.Y. Mar. 22, 2010)).  However, "[w]here a defendant has defaulted, a complaint's allegations of willfulness may be taken as true." *Experience Hendrix, L.L.C. v. Pitsicalis*, No. 17-CV-1927, 2020 WL 3564485, at *10 (S.D.N.Y. July 1, 2020) (citing *Rovio Ent.*, 97 F. Supp. 3d at 546), *report and recommendation adopted*, 2020 WL 4261818 (S.D.N.Y. July 24, 2020). "In cases of willful infringement, an award should 'discourage wrongful conduct, as well as . . . provide reparation for injury.'" *Howarth v. FORM BIB LLC*, No. 18-CV-7047, 2020 WL 3441030, at *3 (S.D.N.Y. May 11, 2020) (alteration in original) (quoting *Prana Hosp.*, 158 F. Supp. 3d at 197–98), *report and recommendation adopted*, 2020 WL 3436685 (S.D.N.Y. June 22, 2020).  "Where infringement is willful but not 'truly egregious,' courts in this Circuit frequently award statutory damages of between three and five times the cost of the licensing fees the defendant would have paid." *Id.* (citing *Prana Hosp.*, 158 F. Supp. 3d at 199).  "In the default context, it is . . . incumbent upon the plaintiff to submit a record sufficient to support the amount of statutory damages that he is seeking," but "allowance must be made for the fact that the defendant's failure to appear limits that which plaintiff can show." *Seelie v. Original Media Grp., LLC*, No. 19-CV-5643, 2020 WL 136659, at *2 (E.D.N.Y. Jan. 13, 2020) (citing *Streamlight, Inc. v. Gindi*, No. 18-CV-987, 2019 WL 6733022, at *17 (E.D.N.Y. Oct. 1, 2019)).

The first factor — the infringer's state of mind — favors Plaintiff, as Plaintiff alleged that it served Defendant with a notice of infringement and that Defendant's infringement was "willful, in disregard of, and with indifference to, the rights of [Plaintiff]," and that Defendant's conduct was "with full knowledge of [Plaintiff's] rights in" the Copyrights, and Defendant subsequently defaulted. (Am. Compl. ¶¶ 18, 27, 32; Clerk's Entry of Default); *see Experience Hendrix*, 2020 WL 3564485, at *11 ("'[B]y virtue of their default,' [the defendants] 'are deemed to be willful infringers.'" (quoting *Lane Crawford LLC v. Kelex Trading (CA) Inc.*, No. 12-CV-9190, 2013 WL 6481354, at *3 (S.D.N.Y. Dec. 3, 2013))); *Seelie*, 2020 WL 136659, at *4 ("[The defendant's] failure to respond not only to the summons and complaint, but the default judgment motion, is indicative of willfulness." (citing *CJ Prods. LLC v. Your Store Online LLC*, No. 11-CV-9513, 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012), *report and recommendation adopted*, 2012 WL 4714820 (S.D.N.Y. Oct. 3, 2012))).

It is unclear whether the second and third factors — the expenses saved and profits earned by the infringer and the revenue lost by the copyright holder — support an award of $150,000. Plaintiff has not provided any evidence of alleged profits earned by Defendant, or of potential revenue lost by Plaintiff due to Defendant's infringement, such as typical licensing fee amounts for the Copyrights. Without additional evidence, the Court is unable to fully assess whether these factors support the requested award.

The fourth factor — the deterrent effect on the infringer and third parties — favors Plaintiff because Defendant's infringement was willful. *See, e.g.*, *Malletier v. Carducci Leather Fashions, Inc.*, 648 F. Supp. 2d 501, 504 (S.D.N.Y. 2009) ("[W]here, as here, a defendant is shown to have acted willfully, a statutory award should incorporate not only a compensatory, but also a punitive component to discourage further wrongdoing by the defendants and others.").

The fifth and sixth factors — the infringer's cooperation in providing evidence and the parties' conduct and attitude — also favor Plaintiff, given Defendant's default and therefore its lack of cooperation in determining damages. *See, e.g.*, *Experience Hendrix*, 2020 WL 3564485, at *12 ("The last two factors weigh in plaintiffs' favor as well given that '[the] defendants' default and subsequen[t] silence shows a lack of cooperation in determining damages.'" (second alteration in original) (quoting *Hollander Glass Tex., Inc. v. Rosen-Paramount Glass Co.*, 291 F. Supp. 3d 554, 559 (S.D.N.Y. 2018))).

Based on the *Bryant* factors, the Court concludes that Defendant's conduct was willful and therefore statutory damages in an amount up to $150,000 per infringed work is warranted. However, without additional evidence regarding the potential expenses saved and profits earned by Defendant and the potential revenue lost by Plaintiff, the Court is unable to determine what amount would be sufficient to "discourage wrongful conduct" and "provide reparation for [the] injury." *Howarth*, 2020 WL 3441030, at *3 (quoting *Prana Hosp.*, 158 F. Supp. 3d at 197–98). The Court therefore directs Plaintiff to submit any additional evidence related to this question, such as typical licensing fees for use of the Copyrights, so that the Court may determine whether the requested amount of $150,000 is appropriate.

### iii.  Attorneys' fees and costs

Plaintiff requests that the Court also award "reasonable attorneys' fees and costs." (Proposed Order ¶ 7(b); *see also* Pl.'s Mem. 10–11.)

Pursuant to 17 U.S.C. § 505, a court may "in its discretion . . . allow the recovery of full costs . . . and award a reasonable attorney's fee to the prevailing party." *See also Bryant*, 603 F.3d at 144 (same). Defendant's default weighs in favor of awarding attorneys' fees and costs under section 505, *Gogo Apparel, Inc. v. Daruk Imps., Inc*, No. 19-CV-5701, 2020 WL 4274793,

13

at *8 (S.D.N.Y. June 11, 2020), but Plaintiff has not provided any information regarding the hours worked, rates charged, or other information necessary to determine an appropriate award of attorneys' fees, *see id.* ("[T]he party seeking the award has the burden of submitting evidence supporting the hours worked and the rates charged." (alteration in original) (quoting *Sheldon*, 2016 WL 5107072, at *18)). The Court therefore directs Plaintiff to submit records specifying the information necessary for the Court to determine whether Plaintiff's request for attorneys' fees and costs is reasonable.

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for a default judgment and grants Plaintiff a permanent injunction. The Court directs Plaintiff to submit any additional evidence available in support of its request for statutory damages and attorneys' fees and costs.

Dated: September 11, 2024
      Brooklyn, New York

SO ORDERED:

        s/ MKB
MARGO K. BRODIE
United States District Judge