UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

GODINGER SILVER ART LTD.,

Plaintiff,

v.

AMAZON STOREFRONT HODSOF US,

Defendant.

---------------------------------------------------------------

**FILED UNDER SEAL**

**MEMORANDUM & ORDER**
23-CV-7087 (MKB)

MARGO K. BRODIE, United States District Judge:

Plaintiff Godinger Silver Art Ltd. ("Godinger") commenced the above-captioned action on September 22, 2023, against Defendant Amazon Storefront HODSOF US ("Amazon"), and on October 17, 2023, filed an Amended Complaint asserting a claim of copyright infringement pursuant to the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* ("Copyright Act"), based on Defendant's sale of crystalware products that Plaintiff alleges contain a design that is identical or substantially similar to a design for which Plaintiff holds two copyrights. (Compl., Docket Entry No. 1; Am. Compl., Docket Entry No. 7.) On March 1, 2024, Plaintiff moved for default judgment, seeking a permanent injunction, statutory damages in the amount of $150,000, and attorneys' fees and costs.[1]

By Memorandum and Order dated September 11, 2024, the Court granted Plaintiff's motion for default judgment and directed Plaintiff to submit any additional evidence in support of its request for statutory damages and attorneys' fees and costs (the "September 2024 Decision"). (September 2024 Decision, Docket Entry No. 18); *Godinger Silver Art Ltd. v.*

---

[1] Pl.'s Mot. for Default J. ("Pl.'s Mot."), Docket Entry No. 17; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem."), Docket Entry No. 17-1.

*Amazon Storefront HODSOF US*, 2024 WL 4145724, at *7 (E.D.N.Y. Sept. 11, 2024). On June 2, 2025, Plaintiff filed a declaration in support of its motion for damages and prejudgment interest against Defendant. (Decl. of Chaim Lefkowitz ("Lefkowitz Decl."), Docket Entry No. 22.) For the reasons set forth below, the Court awards Plaintiff's damages in the amount of $15,511 and denies attorneys' fees and cost.

## I. Background

As set forth in the September 2024 Decision, Plaintiff is a company that specializes in producing and selling, among other things, handcrafted crystal items, some of which Plaintiff offers for sale on Amazon.com and with other retailers and distributors. (Am. Compl. ¶¶ 11, 20.) One of Plaintiff's design patterns for crystalware products is a sculptural work that incorporates material depicting floral and frosted elements etched onto various crystalware items of Plaintiff (the "Godinger Design"). (*Id.* ¶ 12.) Plaintiff alleges that Defendant sold products that are the subject of Plaintiff's Copyright Registration Numbers VA0001389466 dated November 27, 2006 (the "466 Registration"), and VA0001436491 dated January 29, 2016 (the "491 Registration"), (collectively, the "Copyrights"). (*Id.* ¶¶ 23–25; Copyright Registration Records, annexed to Am. Compl. as Ex. D, Docket Entry No. 7-4.) Plaintiff alleges that Defendant markets, sells, and/or offers for sale products, including a carafe and glass set with a design that is identical or substantially similar to the Godinger Design. (Am. Compl. ¶¶ 14–16, 21.)

In the September 2024 Decision, the Court granted Plaintiff's motion for default judgment and also granted a permanent injunction. (September 2024 Decision 14.) The Court further directed Plaintiff to submit any additional evidence in support of its request for statutory

damages, attorneys' fees and costs.[2] (*Id*; Order dated May 29, 2025.) On May 28, 2025, Plaintiff provided product listings covered by its Copyrights, the listing for Defendant's infringing product, and the average price for the infringing product.[3] (Docket Entry No. 21) Plaintiff estimates that Defendant made between [redacted] in gross profit based on approximately [redacted] of the infringing products. (Lefkowitz Decl. ¶¶ 12, 16).[4]

## II. Discussion

In the September 2024 Decision, the Court granted Plaintiff's motion and granted a permanent injunction. (September 2024 Decision 14.) The Court found that Defendant's conduct was willful and warranted statutory damages. (*Id.* at 13.) However, "without additional evidence regarding the potential expenses saved and profits earned by Defendant and the potential revenue lost by Plaintiff" the Court could not grant statutory damages. (*Id.*) The Court directed Plaintiff to submit additional evidence to support its request for statutory damages. (*Id.*)

---

[2] On April 14, 2025, Magistrate Judge Cheryl L. Pollak directed Plaintiff to file a status report. (Order dated Apr. 14, 2025.) On April 28, 2025, Plaintiff filed a motion for extension of time to file additional evidence in support of its request for statutory damages and attorneys' fees and costs. (Letter Mot. for Extension of Time, Docket Entry No. 20.) Judge Pollak granted Plaintiff's request and extended Plaintiff's deadline to file additional information to May 28, 2025. (Order dated Apr. 29, 2025.)

[3] On May 28, 2025, Plaintiff moved to electronically file these documents under seal and the Court granted the application. (Order dated May 29, 2025; Mot. for Leave to Electronically File Documents Under Seal ("Pl.'s Mot. to Seal"), Docket Entry No. 21; Decl. of Chaim Lefkowitz, annexed to Pl.'s Mot. to Seal, Docket Entry No. 21-1; Amazon Standard Identification Number ("ASIN") No. B005G417BG ("7BG Listing"), annexed to Pl.'s Mot. to Seal as Ex. A, Docket Entry No. 21-2; ASIN No. B008GOZP8Y ("P8Y Listing"), annexed to Pl.'s Mot. to Seal as Ex. B, Docket Entry No. 21-3; ASIN No. B000ZLF0AO ("0AO Listing"), annexed to Pl.'s Mot. to Seal as Ex. C, Docket Entry No. 21-4; Infringing Product Customer Review Page, annexed to Pl.'s Mot. to Seal as Ex. D, Docket Entry No. 21-5; Infringing Product Price History, annexed to Pl.'s Mot. to Seal as Ex. E, Docket Entry No 21-6.)

[redacted]

[redacted] [redacted]

In addition, because Plaintiff did not "provide[] any information regarding the hours worked, rates charged, or other information necessary to determine an appropriate award of attorneys' fees[,]" the Court directed Plaintiff to submit records "specifying the information necessary for the Court to determine whether Plaintiff's request for attorneys' fees and costs is reasonable." (*Id.* at 14.)

**a. Statutory damages**

Plaintiff argues that Defendant's copyright infringement was willful, and therefore requests $75,000 per infringed Copyright, totaling $150,000. (Pl.'s Mem. 10.)

The Copyright Act provides that the plaintiff in a copyright infringement suit "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1); *see also EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 94 (2d Cir. 2016) ("Section 504(c) of Title 17 provides that a 'copyright owner may elect . . . to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work' in an amount of up to $30,000 if the infringer acted innocently[.]" (quoting 17 U.S.C. § 504(c)(1)); *Stelzer v. Elec. Interface Assocs., Inc.*, 2024 WL 5416158, at *6 (E.D.N.Y. Aug. 21, 2024) (quoting same); *Sylo Supply, Inc. v. Juzihao Res. Mgmt. Co.*, 2023 WL 6370863, at *12 (E.D.N.Y. Sept. 28, 2023) (quoting same), *report and recommendation adopted*, 2023 WL 6845865 (E.D.N.Y. Oct. 17, 2023); *IBM Corp. v. Micro Focus (US), Inc.*, 676 F. Supp. 3d 263, 275 (S.D.N.Y. 2023) (quoting same). In addition, "[i]n a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C.

§ 504(c)(2); *see also MP3tunes*, 844 F.3d at 94 (noting that "if the infringer acted willfully" a copyright owner may recover an award "of up to $150,000" (citing 17 U.S.C. § 504(c)(2)). Courts "enjoy 'wide discretion . . . in setting the amount of statutory damages.'" *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (quoting *Fitzgerald Publ'g Co. v. Baylor Publ'g Co.*, 807 F.2d 1110, 1116 (2d Cir. 1986)) (internal quotation marks added for clarity); *CouponCo Worldwide, Inc. v. Carter Mag., LLC*, No. 24-CV-8307, 2025 WL 2663990, at *3 (E.D.N.Y. Sept. 17, 2025) (quoting same). In exercising this discretion, courts consider the *Bryant* factors, which include:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant*, 603 F.3d at 144 (citing *N.A.S. Imp., Corp. v. Chenson Enters., Inc.*, 968 F.2d 250, 252–53 (2d Cir. 1992)). "Where infringement is willful but not 'truly egregious,' courts in this Circuit frequently award statutory damages of between three and five times the cost of the licensing fees the defendant would have paid." *Howarth v. FORM BIB LLC*, No. 18-CV-7047, 2020 WL 3441030, at *3 (S.D.N.Y. May 11, 2020) (citing *Broad. Music, Inc. v. Prana Hosp., Inc.*, 158 F. Supp. 3d 184, 199 (S.D.N.Y. 2016)); *Kmonicek v. ASAP Restoration Inc.*, 2025 WL 1384709, at *5 (E.D.N.Y. Apr. 3, 2025) ("[C]ourts in this Circuit typically award a multiple of three to five times the amount of the licensing fee the plaintiff would expect to receive had the defendant properly licensed the photograph." (citation omitted)), *report and recommendation adopted*, 2025 WL 1384248 (E.D.N.Y. May 12, 2025). "In the default context, it is . . . incumbent upon the plaintiff to submit a record sufficient to support the amount of statutory damages that he is seeking," but "allowance must be made for the fact that the defendant's

failure to appear limits that which plaintiff can show." *Seelie v. Original Media Grp., LLC*, No. 19-CV-5643, 2020 WL 136659, at *2 (E.D.N.Y. Jan. 13, 2020) (citing *Streamlight, Inc. v. Gindi*, No. 18-CV-987, 2019 WL 6733022, at *17 (E.D.N.Y. Oct. 1, 2019)).

As discussed in the September 2024 Decision, based on the *Bryant* factors, the Court "conclude[d] that Defendant's conduct was willful and therefore statutory damages in an amount up to $150,000 per infringed work is warranted." (September 2024 Decision 13.) The Court directed Plaintiff to submit "additional evidence regarding the potential expenses saved and profits earned by Defendant and the potential revenue lost by Plaintiff." (*Id.*) Plaintiff has submitted evidence and estimates that Defendant made between [redacted] in gross profit based on approximately [redacted], (Lefkowitz Decl. ¶¶ 12, 16), but Plaintiff has failed to provide information regarding the revenue it lost as a result of Defendant's infringement. Nor has Plaintiff indicated that Defendant has not been deterred by the lawsuit. In light of the evidence presented by Plaintiff, the Court awards $15,511, representing the profits Plaintiff estimates Defendant made. *See Seelie*, 2020 WL 136659 at *2 ("In the default context, it is . . . incumbent upon the plaintiff to submit a record sufficient to support the amount of statutory damages that he is seeking."); *Shamir v. Anchor-Int'l Found., Inc.*, No. 10-CV-725, 2013 WL 4008635, at *11–12 (S.D.N.Y. July 30, 2013) (awarding $5,000 in statutory damages where the case "present[ed] a situation of willful infringement, with modest profits to the infringers, at best, and no demonstrable, actual loss to [p]laintiff"); *see also Cawthon v. Cong Ty Co. Phan Tap Doan Apec Viet Nam*, No. 22-CV-7396, 2024 WL 5452618, at *4, 7 (S.D.N.Y. Dec. 16, 2024) (balancing the *Bryant* factors and finding "a total statutory damages award of $10,000 representing $5,000 for each of the two infringed copyrights, as a fair and reasonable amount to compensate [p]laintiff and deter future infringement" where the plaintiff requested enhanced statutory damages of $150,000 because of Defendant's willful infringement), *report*

*and recommendation adopted*, 2025 WL 722711 (S.D.N.Y. Mar. 6, 2025); *Cawthon v. Nguyen*, No. 22-CIV-7398, 2024 WL 1557301, at *7 (S.D.N.Y. Jan. 23, 2024) (awarding the plaintiff $5,000 per infringed copyright and declaring this award as "just" statutory damages where the plaintiff did not provide additional evidence for the court to consider), *report and recommendation adopted*, 2024 WL 1555775 (S.D.N.Y. Apr. 10, 2024); *Adlife Mktg. & Commc'ns Co. v. Sander Bros. of New York, Inc.*, No. 19-CV-886, 2021 WL 1558400, at *4–5 (W.D.N.Y. Apr. 21, 2021) (finding it reasonable to award $2,500 per infringed photograph because "absent evidence of actual loss, an award of more than $2,500 per image would be nothing more than a windfall").

**b. Attorneys' fees and costs**

Plaintiff requests that the Court award "reasonable attorneys' fees and costs." (Pl.'s Mem. 10–11.) In support, Plaintiff argues that "an award of attorneys' fees and costs is appropriate because Defendant's infringement was willful and deliberate." (Pl.'s Mem. 10.) Pursuant to 17 U.S.C. § 505, a court may "in its discretion . . . allow the recovery of full costs . . . and award a reasonable attorney's fee to the prevailing party . . . ." 17 U.S.C. § 505; *Bryant*, 603 F.3d at 144 (quoting same); *see also Gogo Apparel, Inc. v. Daruk Imps., Inc*, 2020 WL 4274793, at *8 (S.D.N.Y. June 11, 2020) ("[T]he party seeking the award has the burden of submitting evidence supporting the hours worked and the rates charged." (alteration in original) (quoting *Sheldon v. Plot Com.*, No. 15-CV-5885, 2016 WL 5107072, at *18 (E.D.N.Y. Aug. 26, 2016), *report and recommendation adopted*, No. 15-CV-5885, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016))). As discussed in the September 2024 Decision, "Defendant's default weighs in favor of awarding attorneys' fees and costs under section 505." (September 2024 Decision 13–14.) Despite the Court's instruction directing Plaintiff to provide information regarding the hours worked, rates charged, or other information necessary to determine an appropriate award of

attorneys' fees, Plaintiff has failed to provide any information regarding attorneys' fees. (*See id.*) Nor has Plaintiff provided any evidence regarding its costs. Because Plaintiff has not submitted any evidence to support its request for attorneys' fees and costs, the Court denies Plaintiff's request for attorneys' fees and costs. *See Gordon v. Chambers*, No. 20-CV-696, 2024 WL 3533876, at *18 (E.D.N.Y. July 25, 2024) ("Attorneys must submit contemporaneous records with their fee applications to document the hours reasonably billed."); *Sadowski v. Digitial One Media Ltd.*, No. 22-CV-5366, 2023 WL 8530124, at *5 (E.D.N.Y. July 24, 2023) ("[A]n application for attorney's fees must be supported by accurate, detailed, and contemporaneous time records." (quotation marks and citation omitted)).

## III. Conclusion

For the foregoing reasons, the Court awards Plaintiff statutory damages in the amount of $15,511 and denies Plaintiff's request for attorneys' fees and costs.

Dated: November 24, 2025
Brooklyn, New York

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge